SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . X

EMMANUEL OKORO,

                                       **Plaintiff,**

                    - against -

MARRIOTT INTERNATIONAL, INC. and THE RITZ
CARLTON HOTEL,

                                    **Defendant.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . X

<u>SUMMONS</u>

**Index No.** 111889/06

**PLAINTIFF DESIGNATES
NEW YORK COUNTY AS
THE PLACE OF TRIAL**

## TO THE ABOVE-NAMED DEFENDANTS:

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer, or, if the complaint is not served with the summons, to serve a

notice of appearance on the Plaintiff's Attorney within 20 days after the service of this summons,

exclusive of the day of service, and in the case of your failure to appear or answer, judgment will

be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        August 24, 2006

                                    SCHWARTZ, LICHTEN & BRIGHT, P.C.
                                    Attorneys for Plaintiff

                                    By: _____
                                         Arthur Z. Schwartz
                                         113 University Place, 11th Floor
                                         New York, New York 10003
                                         (212) 228-6320
                                         (212) 358-1353 (fax)

To:
Marriott International, Inc.

1535 Broadway
New York, NY 10036

Ritz Carlton Hotel
50 Central Park South
New York, NY 10019

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
EMMANUEL OKORO,                                            Index No.:

                   Plaintiff,

          -against-                                  **COMPLAINT**

MARRIOTT INTERNATIONAL, INC. and the RITZ
CARLTON HOTEL,

                 Defendants.
-----------------------------------------------------------------------X

       EMMANUEL OKORO, as and for his complaint, by his undersigned attorneys,

alleges as follows:

## INTRODUCTION

     1.     This is an action brought to remedy discrimination based on disability and

for retaliation based on plaintiff's complaints about disability discrimination, in violation of the

American Disabilities Act of 1990 ("ADA"), 42 USC §1210 *et seq.*, and §296 *et seq.* of the New

York State Human Rights Law ("NYSHRL"), and §8-101 *et seq.* of the New York City Human

Rights Law ("NYCHRL").

## PARTIES

     2.     Plaintiff Emmanuel Okoro is a resident of Queens, New York.  At all

relevant times he was an "employee" within the meaning of 42 USC §12111(4) and NYSHRL

§292(6).

     3.     Defendants Marriott International, Inc. ("Marriott") and The Ritz-Carlton

Hotel ("Ritz-Carlton) are "employers" within the meaning of 42 USC §12111(5)(A), NYSHRL

§292(5) and NYCHRL §8-102(5).  Defendant Marriott has its principal place of business in New

York County, located at 1535 Broadway, New York, NY 10036.  Defendant Ritz-Carlton has its

principal place of business in New York County located at 50 Central Park South, New York,

NY 10019.

     4.      Upon information and belief, Ritz-Carlton is a wholly owned subsidiary of

Marriott.

## PROCEDURAL BACKGROUND

     5.      With respect to the defendant Ritz-Carlton, plaintiff filed a complaint with

the United States Equal Employment Opportunity Commission on or about October 24, 2005.

Plaintiff received Notice of a Right to Sue on or about June 1, 2006.  Plaintiff asserts his ADA

claims only against Ritz-Carlton.

## FACTS RELEVANT TO CLAIMS AGAINST MARRIOTT

     6.      Plaintiff began his employment with Marriott at the Marriott Marquis, on

or about December 1999, at first working as a doorman (without health benefits or paid leave)

and later as a "bar back" in the Food & Beverage Department.

     7.      In or about 2001 plaintiff developed narcolepsy.  The illness became so

severe that plaintiff would fall asleep while working as a doorman.  Plaintiff advised

management at Marriott about his condition on several occasions and requested a medical leave

of absence so that he could seek out the appropriate care:  that leave was denied.

     8.      On December 19, 2003 plaintiff was terminated for "sleeping on the job."

Plaintiff appealed his termination under the employer's appeals procedure:  that appeal is still

pending.

## CLAIMS AGAINST RITZ-CARLTON

9.     On or about July 14, 2004 plaintiff was referred for employment, by his union, to Ritz-Carlton.  At his employment interview he advised the Director of Human Resources about his termination from Marriott.  He was advised not to put the information in writing.  He was hired in the housekeeping department.

10.     In or about October 2004, plaintiff completed his probation and became a permanent employee, with a union contractual right to be disciplined only for "just cause."

11.     Shortly thereafter plaintiff, while at work, ran into his former manager at Marriott.  The next day he was terminated.  His request to his union that his discharge be appealed to arbitration was ignored.

12.     Plaintiff was, in fact, discharged because he had pursued his appeal of his termination by Marriott.

13.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1-12 above into the causes of action set forth below.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST MARRIOTT

14.     By its failure to accommodate plaintiff, and his subsequent discharge, defendant Marriott discriminated against plaintiff because of his disability in violation of NYSHRL §296(1).

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST MARRIOTT

15.     By its failure to accommodate plaintiff and his subsequent discharge,

defendant Marriott violated NYCHRL §8-107(1).

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST RITZ-CARLTON

16.    By its discharge of plaintiff, because of his disability and his protest of

his discharge by Marriott, defendant Ritz Carlton violated plaintiff's rights under 42 USC

§12101.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST RITZ-CARLTON

17.    By its discharge of plaintiff, because of his disability and his protest of his

discharge by Marriott, defendant Ritz Carlton violated plaintiff's rights under NYSHRL §296(1)

*et seq.*

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST RITZ-CARLTON

18.    By its discharge of plaintiff, because of his disability and his protest of

his discharge by Marriott, defendant Ritz Carlton violated plaintiff's rights under NYCHRL §8-

107(1) *et seq.*

## DAMAGES

19.    As a direct and proximate result of defendants' actions plaintiff has

suffered a loss of wages and benefits.

20.    As a direct and proximate result of defendant's actions plaintiff has

suffered emotional distress with attendant physical symptoms, to his injury in excess of $1

million.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court enter judgment

1.      Reinstating plaintiff to his employment with defendants.

2.      Awarding plaintiff back pay in a sum compensatory for his loss

of employment related benefits.

3.      Awarding plaintiff $1 million as damages for his emotional

distress.

1.      Awarding plaintiff attorneys fees and costs.


Dated:  August 25, 2006

SCHWARTZ, LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiff

By _____
Arthur S. Schwartz
113 University Place
New York, NY 10003