UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL OKORO,
Plaintiff,

-v-

MARRIOTT INTERNATIONAL, INC. and THE RITZ CARLTON HOTEL,
Defendants.

07 Civ. 165 (DLC)

OPINION & ORDER

Appearances

For Plaintiff:
Arthur Z. Schwartz
Schwartz, Lichten & Bright, P.C.
113 University Place, 11th Floor
New York, NY 10003

For Defendant The Ritz Carlton Hotel:
Brian S. Cousin
Eric B. Sigda
Lauren R. Tanen
Greenberg Traurig, LLP
200 Park Avenue
MetLife Building
New York, NY 10166

DENISE COTE, District Judge:

Plaintiff Emmanuel Okoro ("Okoro") brings this action against the defendants, his former employers, for disability discrimination under federal, state, and local laws. Defendant The Ritz Carlton Hotel (the "Ritz") has moved to dismiss the complaint or in the alternative for summary judgment because

Okoro released his claims against the Ritz in a settlement agreement.[1] For the following reasons, the motion is denied.

## Background

The following facts are not in dispute or are taken in the light most favorable to the plaintiff, unless otherwise noted. In December 1999, Okoro was employed as a doorman and then a "bar back" by defendant Marriott International, Inc. ("Marriott"). In 2001, Okoro developed narcolepsy, and on December 19, 2003, Marriott fired him for sleeping on the job. His appeal of the termination is still pending.

On July 14, 2004, Okoro's union referred him to the Ritz. Okoro informed the Director of Human Resources about the termination of his employment by Marriott, and was advised not to put the information in writing. He was hired in the housekeeping department.

In October 2004, Okoro had completed his "probation" period and became a permanent employee. Shortly thereafter, Okoro ran into his former manager at the Marriott. The next day, the Ritz fired him and his request to his union that the discharge be submitted to arbitration was ignored. Okoro claims the Ritz

[1] The Ritz also contends in a footnote that there is no personal jurisdiction over it. The defendant has presented no arguments in its reply in response to Okoro's arguments that personal jurisdiction exists. Therefore, at this stage, Okoro has sufficiently alleged personal jurisdiction over the Ritz.

fired him because he had pursued his appeal against the Marriott.

Okoro filed this action in August 2006 in state court, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and New York State and City Human Rights laws. In September, Okoro and Marriott stipulated to discontinue the action as to Marriott. On January 9, 2007, the Ritz removed the action to federal court based on diversity and federal question jurisdiction. Before any discovery had been conducted, the Ritz moved to dismiss the complaint under Rule 12(b)(6), Fed. R. Civ. P., or in the alternative for summary judgment under Rule 56.

According to the Ritz, following his firing, Okoro signed a settlement agreement and release (the "Release") in which Okoro agreed to withdraw the grievance filed by his Union and release the Ritz from claims under the discrimination laws, in exchange for the Ritz converting the discharge to a voluntary resignation and providing him with one week's salary and a letter of reference. In Okoro's declaration opposing the motion, Okoro states that he has "no recollection of ever signing" the Release. Okoro further argues that even if the Ritz "produces a document with an original signature," the Release should not bar Okoro's claim because the waiver was not knowing and voluntary. His declaration recites in detail the circumstances of his

firing to support that argument. The Ritz, on the other hand, claims that the waiver was knowing and voluntary because Okoro was advised by union officials, a fact which Okoro disputes. According to Okoro's declaration, at the meeting where the Ritz alleges the Release was signed, "there was no discussion about waiving any rights under discrimination law."

Discussion

To support its motion, the Ritz submits the Release showing Okoro's signature. Where a party seeks to introduce extraneous material on a Rule 12(b)(6) motion, the motion must be converted into a Rule 56 motion for summary judgment. See Cortec Indus. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party

must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings. Rule 56(e), Fed. R. Civ. P.; accord Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006).

Summary judgment cannot be granted because Okoro raises a genuine issue of material fact as to whether the waiver of rights in the Release was knowing and voluntary.[2] The "totality of the circumstances" standard for deciding "whether an employee signed a release knowingly, willfully and free from coercion" considers many factors, including "the amount of time the plaintiff had possession of or access to the agreement before signing it" and "whether the plaintiff was represented by or consulted with an attorney." Bormann v. AT&T Commc'ns, 875 F.2d 399, 403 (2d Cir. 1989) (citation omitted). The Ritz claims that Okoro was represented by his union during the negotiation of the Release, but Okoro disputes the level of union involvement throughout the process. The parties further dispute various aspects of the circumstances surrounding the signing of

[2] It is unclear whether the plaintiff continues to assert that he has no recollection of signing the Release. A failure of recollection would be inadequate to raise a question of fact as to the authenticity of the Release in the face of adequate evidence of authenticity. As plaintiff's surreply points out, however, the defendant did not submit such evidence until its reply. Since summary judgment must be denied, this issue need not be further explored here.

the Release. Summary judgment is therefore not appropriate at this early stage of the litigation.

## Conclusion

For the above reasons, the motion by defendant Ritz for summary judgment is denied.

SO ORDERED:

Dated: New York, New York
April 3, 2007

DENISE COTE
United States District Judge